UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                        CASE ACTION NO: __3-15-cv-667-DJH__
                                                        *Electronically filed*

THREE HUNDRED THOUSAND DOLLARS
IN UNITED STATES FUNDS                                            DEFENDANT

### VERIFIED COMPLAINT
### FOR FORFEITURE IN REM

The United States of America, by counsel, John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Three Hundred Thousand Dollars in United States Funds.

### JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 18 U.S.C. § 981(a)(1)(C). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

1

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Three Hundred Thousand Dollars in United States Funds. ($300,000.00). The United States Marshals Service seized this property on or about August 10, 2015. The defendant property is currently in the custody of the United States Marshals Service.

## THE LAW

6. Pursuant to 18 U.S.C. § 1952(a)(1) and (3) it is unlawful for: "[w]hoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to-- (1) distribute the proceeds of any unlawful activity; or . . . (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity."

7. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" are subject to forfeiture to the United States.

8. 18 U.S.C. § 1956(c)(7)(A) defines the term "specified unlawful activity" to mean, "any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31."

8. 18 U.S.C. § 1961(1) includes 18 U.S.C. § 1952 as a "specified unlawful activity" under racketeering, which is defined as follows: "'racketeering activity' means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in

obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of . . . section 1952 . . . ".

9. Pursuant to Kentucky Revised Statutes, Sections 518.020(1)(a) and 518.030(1)(a) the Commonwealth of Kentucky prohibited the offense of commercial bribery by providing in pertinent part: "A person is guilty of commercial bribery when he: Offers, confers or agrees to confer any benefit upon any employee or agent without the consent of the latter's employer or principal with intent to influence his conduct contrary to his employer's or principal's best interests"; and "As an employee or agent, and without the consent of his employer or principal, he knowingly solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that the benefit will influence his conduct contrary to his employer's or principal's best interests . . "

## SUMMARY OF RELEVANT FACTS

10. The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth below:

   a. Cutler & Associates was a Managing General Agencies ("MGAs") firm, which contracted with Humana to service the insurance brokers and agents known as Group Producing Agents or Agencies ("GPAs") in selling Humana Medicare Advantage and Medicare Prescription Drug plans to Medicare enrollees. Cutler & Associates was one of the largest MGAs with which Humana contracted.

   b. Cutler & Associates provided kickbacks to Glenn Fine and James Wenger, Regional Sales Managers for Humana, and Dan McNerney, owner of Columbia Management

Group to ensure that Fine and Wenger would steer GPAs to Cutler & Associates for servicing, in violation of the commercial bribery statutes KRS Sections 518.020(1)(a) and 518.030(1)(a).

    c.    From in or about February 2006 through at least June 2010, Cutler & Associates issued checks totaling approximately $2,089,475.83 from Carolina First Bank in Columbia, South Carolina to an account in the name of Coastal Consulting in Louisville, Kentucky, which was a company set up by Glenn Fine to receive the kickbacks.

    d.    From in or about February 2006 through at least June 2010, Cutler & Associates issued checks totaling approximately $2,089,475.83 from Carolina First Bank in Columbia, South Carolina, to an account in the name of Suncoast Marketing in New Port Richey, Florida, which was set up by James Wenger to receive the kickbacks.

    e.    From in or about February 2006 through at least June 2010, Cutler & Associates issued checks totaling approximately $2,150,610.83 from Carolina First Bank in Columbia, South Carolina, to an account in the name of Dan McNerney in Columbia, Missouri.

## CLAIM FOR RELIEF

    11.    The defendant property constitutes money that is derived from proceeds traceable to a "Specified Unlawful Activity" in violation of 18 U.S.C. § 1952(a)(1). Consequently, the defendant property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, the plaintiff respectfully requests:

    a.    that the Court issue a warrant for the arrest and seizure of the defendant property;

    b.    that notice of this action be given to all persons known or thought to have an interest in or right against the property;

    c.    that the defendant property be forfeited and condemned to the United States of America;

    d.    that the plaintiff be awarded its costs and disbursements in this action; and

    e.    for such other and further relief as this court deems proper and just.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

s/Amy M. Sullivan
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, Keith Yarka, am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

SA Keith Yarka

Dated: 8/11/2015

Subscribed and sworn to before me this 11th day of Aug, 2015.

Notary Public
My Commission expires: 11/29/2018